CHARLES J. SCHUCK, Judge.
This claim, in the amount of $615.00, is for services *133 rendered as special judge in Cabell county, in the cause of F. O. Lamb, Receiver, etc. v. Huntington Securities Corporation. The services extended over a period from May 7, 1940 to July 1, 1945, and no objection is made by the auditor or the state authorities to the amount claimed, and in view of the fact that the services were continuing in their nature and effect and not ended until July 1, 1947, seven years after they began, no objection is made nor could one be maintained that payment of any part of the amount involved is barred by the statute of limitations governing the disposition of claims filed in this court. The state auditor and the attorney general both recommend an award.
The claim as first presented to the state auditor was in the amount of $675.00, as allowed by the regular circuit judge of Cabell county, and duly certified for payment to the auditor. Both the circuit judge of Cabell county and claimant as special judge, had agreed that the charge for the services to be rendered in the cause referred to should not be presented until the work was fully completed and the services ended. This agreement was carried out and the bill for services rendered accordingly.
Upon presentation of the certified order or bill for the services to the auditor he allowed and paid the amount of $60.00, being the amount accruing after July 1, 1945, and refused payment of the balance on the ground that it was not payable from the current appropriation and that the appropriations had expired out of which said balance might properly have been paid. As ^stated by the auditor in his communication to the claimant, payment was not refused because the claim lacked merit but because the auditor felt and maintained that he was inhibited by the laws of the state from making payment for the balance of the services which had been rendered previous to July 1, 1945. The auditor states in his communication that the claimant should be paid. An itemized statement at the rate of fifteen dollars per day showing the days and dates during which *134 the services in question were rendered is filed for our consideration.
We are of the opinion that the state having benefited by the services rendered, that the amount asked is reasonable and just, that no objection to an award is offered by any state official or agency, but rather that recommendation of payment is made, and that the only reason payment has been withheld is because the period during which the services were rendered overlapped the appropriations from which payments could have been made, and which appropriations have expired, that an award should be made to claimant.
Accordingly, an award in the amount of six hundred and fifteen dollars ($615.00) is hereby made and allowed and the necessary and proper appropriation by the Legislature is recommended.